DOWD, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| John W. Colucci, ) | |
| ) | CASE NO. 5:07 CV 1789 |
| Plaintiff(s), ) | |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| City of Aurora Police Dept., et al., ) | |
| ) | (Resolving Doc. No. 34) |
| Defendant(s). ) | |
| ) | |

Before the Court is defendant Officer Billie Byers' motion for summary judgment on the ground of qualified immunity (Doc. No. 34, as supplemented by Doc. No. 36)[1]; plaintiff's brief in opposition (Doc. No. 37), and defendant's reply (Doc. No. 38). For the reasons discussed below, the motion is granted.

### I. FACTUAL BACKGROUND

On December 18, 2006, defendant Byers, while on duty as an Aurora Police Officer, investigated a complaint by Nicole Bassom that plaintiff was making harassing/threatening telephone calls to her residence phone and cell phone. He interviewed Mrs. Bassom and her husband David Bassom at the Aurora Police Department.

Mrs. Bassom told Byers that plaintiff had made approximately twenty harassing and threatening phone calls since December 16, 2006. During one of the calls, Mrs. Bassom told plaintiff to stop calling her; nevertheless, he was not deterred. On December 17, 2006, Mrs.

---

[1] The motion includes the affidavits of Chief Seth Riewaldt and Officer Bill Byers.

(5:07 CV 1789)

Bassom turned off her cell phone for the night after plaintiff called her again.  The next morning, she discovered the following threatening voicemail message left by the plaintiff: "if anything happened to Krista while she was with [Mrs. Bassom] that it would be like Cambodia being carpet bombed with Puff the Magic Dragon."

During his investigation, Officer Byers listened to this voicemail message.  He also obtained plaintiff's telephone numbers from Mrs. Bassom, who had the numbers logged into her phone.  Byers obtained Mrs. Bassom's phone records from December 16 through 18, 2006 and determined that plaintiff had made seven separate telephone calls to Mrs. Bassom's cell phone within those three days.  In fact, he had made a call to Mrs. Bassom's cell phone at approximately the same time the threatening voice mail message was left.

Byers spoke with the plaintiff, who admitted having left the voice mail message on plaintiff's phone.  Byers also recognized plaintiff's voice as the same voice he had heard on the voice mail message.  Based on the information he had collected, Byers ran a check of plaintiff's criminal history through the LEADS system, which indicated that plaintiff had previously been charged with telephone harassment in Geauga County on or about April 17, 1997.  Byers asked the Aurora Police Department dispatcher to contact Geauga County to obtain additional information.  The dispatcher subsequently told Byers that Geauga County had verified plaintiff's prior conviction for telephone harassment.[2]

---

[2] Byers has attached to his affidavit a copy of the Geauga County criminal docket sheet which he obtained from the internet.

(5:07 CV 1789)

Byers contacted the office of the Portage County Prosecuting Attorney to inquire about bringing a charge of telephone harassment.  He was informed by Assistant County Prosecuting Attorney Eric Fink that, because of plaintiff's prior conviction for telephone harassment, the second offense would be a fifth degree felony.  Byers filed a criminal complaint in the Portage County Municipal Court charging plaintiff with telephone harassment in violation of O.R.C. § 2917.21(A)(5), a fifth degree felony.  Byers also obtained a warrant for plaintiff's arrest and, shortly thereafter, plaintiff was arrested by other officers.

Following his arraignment in Portage County Municipal Court, plaintiff posted bond and was released.  He appeared with his counsel at the preliminary hearing on December 29, 2006 and produced a copy of the judgment entry relating to his prior charge of telephone harassment, which reflected that the charge had been pled down to one of disorderly conduct.  The prosecuting attorney decided not to proceed with the preliminary hearing and to instead take the case to the Portage County Grand Jury.  The grand jury returned a No Bill on the fifth degree felony telephone harassment charge.

In his complaint, Colucci asserts § 1983 claims under the Fourth and Fourteenth Amendments, alleging that he was falsely arrested, falsely imprisoned and unlawfully detained. He also asserts a substantive due process violation.  He bases his claims on the assertion that he should not have been charged with a fifth degree felony for telephone harassment because he had no prior telephone harassment conviction.

(5:07 CV 1789)

## II.  DISCUSSION

### A.  Summary Judgment Standard

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56 .  The Rule requires the nonmoving party who has the burden of proof at trial to oppose a proper summary judgment motion "by any of the kinds of evidentiary material listed in Rule 56(c), except the mere pleadings themselves[.]" Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  Anderson v. Liberty Lobby, 477 U.S. 242, 250 (1986).  " 'The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.' "  Street v. J.C. Bradford & Co., 886 F.2d 1472, 1477 (6th Cir. 1989) (quoting Anderson v. Liberty Lobby, 477 U.S. at 252).  Put another way, this Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  Id. at 251-52.  See also Wexler v. White's Fine Furniture, Inc., 317 F.3d 564, 578 (6th Cir. 2003) ("[t]he conflicting proof and the inferences that can be drawn therefrom raise genuine issues of material fact that preclude the grant of summary judgment").

(5:07 CV 1789)

**B.  Analysis**

To prevail on a claim brought pursuant to 42 U.S.C. § 1983, a plaintiff must establish that a person acting under color of state law deprived him of a right secured by the U.S. Constitution or the laws of the United States.  Assuming that the plaintiff can meet that test, he must also overcome the defense of qualified immunity, which shields government officials from liability for civil damages.

"Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  "[O]fficials are 'entitled to qualified immunity [when] their decision was reasonable, even if mistaken.' "  Pray v. City of Sandusky, 49 F.3d 1154 (6th Cir. 1995) (quoting Castro v. United States, 34 F.3d 106, 112 (2d Cir.1994)).  "The question of whether qualified immunity attaches to an official's actions is a purely legal question for the trial judge to determine prior to trial."  Garvie v. Jackson, 845 F.2d 647, 649 (6th Cir. 1988) (citing Donta v. Hooper, 774 F.2d 716, 719 (6th Cir.1985), cert. denied, 483 U.S. 1019 (1987)).  Once a defendant has submitted evidence to show that he or she was acting within the scope of his or her discretionary authority, the burden shifts to the plaintiff to prove that the defendant is not entitled to qualified immunity.  Wegvener v. Covington, 933 F.2d 390, 392 (6th Cir. 1991).

**1.  Fourteenth Amendment Substantive Due Process**

Plaintiff has made a generalized claim that his substantive due process rights under the Fourteenth Amendment were violated by what he alleges was an unreasonable seizure.  "Where

(5:07 CV 1789)

a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims.' " Albright v. Oliver, 510 U.S. 266, 273 (1994) (quoting Graham v. Connor, 490 U.S. 386, 395 (1989)).

The Fourth Amendment is the explicit textual source of constitutional protection against unreasonable seizures.  Therefore, plaintiff has no colorable substantive due process claim under the Fourteenth Amendment.

**2.  Fourth Amendment Claim**

Although plaintiff does not deny that he engaged in telephone harassment of Mrs. Bassom, plaintiff asserts that his arrest and brief detention (until he could post bond) on a fifth degree felony charge of telephone harassment violated the Fourth Amendment because he did not have a prior telephone harassment conviction that would have warranted the higher level charge and this fact was very easily discernible from public records available to Officer Byers.

The Fourth Amendment requires that a warrant for a person's arrest must be supported by probable cause, i.e., a reasonable suspicion of criminal activity.  Defendant argues that, based on his complete investigation of Mrs. Bassom's complaint, he had reasonable suspicion that plaintiff had engaged in telephone harassment.  Whether or not it was a first offense, which would have been a charge of a first degree misdemeanor, O.R.C. § 2917.21(C)(2), or a subsequent offense warranting a fifth degree felony charge, O.R.C. § 2917.21(C)(3), has no bearing on the question of whether Byers had probable cause, within the meaning of the Fourth Amendment, to file a complaint against plaintiff and have him arrested for telephone harassment.

6

(5:07 CV 1789)

An officer's knowledge of the precise crime committed is not necessary to a finding of probable cause. United States v. Anderson, 923 F.2d 450, 457 (6th Cir. 1991). Moreover, "his subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause." Devenpeck v. Alford, 543 U.S. 146, 153 (2004). In other words, Officer Byers' probable cause is not destroyed by his subjective belief, based on the prosecuting attorney's advice, that the charge would be for a fifth degree felony rather than a misdemeanor.

Plaintiff faults Officer Byers for failure to obtain and review a copy of the earlier judgment entry which reflects that plaintiff pleaded no contest to a reduced charge of disorderly conduct in response to a telephone harassment charge against him. Plaintiff argues that Byers should not have relied upon information in the LEADS system and/or information relayed by the police dispatcher. However, a police officer is permitted to rely on just such information to form the basis for probable cause, even if the information later proves erroneous. Wolf v. Winlock, 34 Fed.Appx. 457 462 (6th Cir. 2002) (citing Arizona v. Evans, 514 U.S. 1, 14-15 (1995); United States v. Hensley, 469 U.S. 221, 232 (1985)).

In addition, even assuming Officer Byers acted negligently by failing to properly determine whether plaintiff had actually been convicted of telephone harassment on a prior occasion, it is well established that a claim of negligence is insufficient to overcome a qualified immunity defense. "A successful § 1983 claimant must establish that the defendant acted knowingly or intentionally to violate his or her constitutional rights such that mere negligence or recklessness is insufficient." Ahlers v. Schebil, 188 F.3d 365, 373 (6th Cir. 1999).

(5:07 CV 1789)

Plaintiff has not asserted that Officer Byers affirmatively stated any falsehood in order to obtain the arrest warrant. At best, plaintiff has only shown that Officer Byers was mistaken in his belief that plaintiff had a prior conviction for telephone harassment, but this has no bearing on whether there was probable cause to arrest plaintiff for harassment on <u>this</u> occasion.

Plaintiff is unable to establish that his constitutional rights were violated when Officer Byers acquired an arrest warrant on a charge of fifth degree felony telephone harassment. Since there is no constitutional right violated, the Court need not engage in further analysis.

### III. CONCLUSION

For the reasons discussed above, plaintiff's claims against defendant Officer Billie Byers cannot stand and Officer Byers' motion for summary judgment (Doc. No. 34) is granted.

IT IS SO ORDERED.

| | |
|---|---|
|   December 10, 2007   |   *s/ David D. Dowd, Jr.*   |
| Date | David D. Dowd, Jr. |
| | U.S. District Judge |